Malgor & Co., Petitioner, *v.* Tax Court of Puerto Rico, Respondent.

No. 13.  Argued November 13, 1944.—Decided February 21, 1945.

*J. J. Ortiz Alibrán* for petitioner.  *Jesús A. González, Acting Attorney General,* and *A. D. Marchand Paz, Assistant Attorney General,* for intervener, Treasurer of Puerto Rico.

Mr. Justice De Jesús delivered the opinion of the court.

The petitioner, a regular partnership domiciled in this city, was adjudged by the Tax Court to pay and did pay under protest the amount of $1,749.06 for deficiencies levied by the Treasurer in connection with the taxable years of 1935, 1936, and 1937.  In its brief the appellant expressly waives three of the errors assigned in the petition for certiorari; therefore the only errors to be discussed in the present proceeding are as follows:

1. "That the petitioner was not permitted to deduct from its net income in 1936 the salary of its managing partner, Antonio Malgor, amounting to $2,400.

2. "That defendant refused to allow a deduction in the amount of $2,000 reimbursed to one of its partners for traveling expenses of a trip to Spain made in furtherance of the firm's business.

3. "That the petitioner was not permitted to deduct from its net income in 1937, the salary of its managing partner, Antonio Malgor, amounting to $900 for personal services actually rendered to the firm.

4. "The Tax Court also committed manifest error in weighing petitioner's evidence."

■ On the authority of *M. J. and S. Cabrero, Sucrs.*, v. *Sancho Bonet, Treas.*, 58 P. R. R. 535,[*] the Tax Court affirmed the Treasurer's decision which denied the deduction of the allowance of $2,400 and $900 corresponding to the salary of the managing partner Antonio Malgor for personal services actually rendered to the firm during 1936 and a part of 1937, respectively. In said case it was held that the firms had no right to deductions similar to those claimed by appellant herein. But in view of the fact that the case of M. J. and S. Cabrero was reversed by *F. Bacó Soria & Hno.* v. *Tax Court, ante,* p. 84, wherein it was held that a partnership was entitled to deduct from its net income reasonable allowances paid to its partners for personal services actually rendered to the firm, we feel bound to conclude that the Tax Court erred in denying on that ground alone, the deductions of $2,400 and $900 claimed by the petitioner.

■ In its income tax return corresponding to the year 1936 the petitioner deducted $3,000 from its net income for traveling expenses incurred in a trip to Spain by one of the managing partners in connection with the firm's business. The Treasurer denied the deduction and the Tax Court modified the decision of the Treasurer by allowing a deduction of $1,000 for those expenses. Discussing the evidence regarding the traveling expenses the Tax Court stated:

"Antonio Malgor, according to his own uncontradicted testimony herein, went to Spain in order to establish business connections with J. Gómez Cruzado, a liquor manufacturer, of Rioja; with the firm B. Fonseca & Hno., of Barcelona, which was engaged in the manufacture of spaghetti, nougats, etc.; and to see the directors of the Banco Hispano Americano, of Valencia and Madrid, in connection with a claim against its firm. As a result of his efforts, Malgor & Co. obtained a shipment of wine from the firm J. Gómez Cruzado and

---

[*] Short title of this case appears in cited volume thus: *Cabrero* v. *District Court.*

several shipments of Christmas foodstuff made at the end of 1936,. worth 500,000 *pesetas,* from B. Fonseca & Hno. The appellant firm imported the largest quantity of wine in Puerto Rico after the repeal of prohibition.

"After having seen B. Fonseca & Hno., he succeeded in having them send 'on consignment' the shipments for Malgor & Co.

"The claim of the Banco Hispano Americano was brought by an Association of Potato Growers (*Unión de Patateros*) against Malgor & Co. The appellant firm had made a purchase worth $4,000 from another firm of Valencia subject to the condition that the physiological certificate should be attached to the merchandise. Upon reaching Puerto Rico the potatoes did not have the certificate attached and a conflict arose. After Antonio Malgor explained in Spain what had happened they gave up the claim.

"The purchases made by Malgor & Co. during the fiscal year ending on June 30, 1935, amounted to $451,900; in 1936 to $424,618; in 1937 to $468,223; and in 1938 to $388,922.

"He went to Madrid and Valencia, where his dealings were with the Banco Hispano Americano; to Barcelona, in order to see B. Fonseca & Hno.; to Rioja where he called upon Gómez Cruzado; to Valencia where he also visited Isidro Ortola.

"The traveling expenses include his return trip via Havana. He arrived at that city by the end of 1936. There he made business connections with the firm Ambrosía Industrial, from which he later received shipments of nougats.

"The original agreement was to pay him $3,000 and that he should return after three months; but due to the outbreak of the Spanish Civil War in 1936 he was absent from Puerto Rico for one year and four months. He was also paid his yearly salary of $2,400, as managing partner. He and his wife left for Spain in July 1935. The time that he was detained in that country against his will, was about 12 months until November 1936. He spent about $5,000 in the trip; but he did not charge the extra $2,000 to Malgor & Co.

"In that trip Antonio Malgor took the opportunity of visiting his parents in Huesca, in the Province of Oviedo. He also visited Coruña, Vigo, and Santander; his purpose in visiting those western seaports of Spain was to make shipments to Cuba."

Resting on the above–stated facts the Tax Court reached the following conclusions:

"In so far as the traveling expenses are concerned, this court believes that considering the work done by him for the benefit of the firm in Barcelona, Valencia, Madrid, Rioja, and Havana, although he did not present any detailed statement of his expenses, he may have spent about $1,000. This amount should be considered as reasonable. The complaining firm did not prove that its claim for $3,000 for traveling expenses was reasonable. It should be kept in mind that Mr. Malgor took his wife with him. He spent most of the time with his family in Huesca and for that reason it should be assumed that he spent much less than if he had stayed at hotels in big cities."

A partnership is entitled to deduct from its gross income the expenses which it has reasonably incurred in travels connected with the business of the firm, but it is incumbent on the partnership to prove the existence and fairness of said expenses. In the present case, as stated by the Tax Court, the partnership did not prove in detail the traveling expenses which it claims the partner incurred on its account, and from an examination of the evidence made by the Tax Court, we are of the opinion that the conclusion it reached in fixing said expenses at $1,000 is not arbitrary or unfair. It being so, we are not inclined to disturb that finding.

For the foregoing reasons the petition for certiorari should be granted, and the decision of the Tax Court annulled in so far as it denied to the petitioner the deductions of $2,400 and $900 for salaries paid to its managing partner Antonio Malgor during 1936 and part of 1937, and sustained in so far as petitioner was allowed the deduction of $1,000 for traveling expenses. The case is remanded to the Tax Court for a liquidation of the deficiency tax in accordance with this opinion.